## BASSETT v. CITY OF NEW YORK.

District Court, S. D. New York.
Dec. 26, 1935.

Clarence N. Johnson (by John M. Coleman), both of New York City, for libelant.

Paul Windels (by John G. Clancy) and Matthew J. Troy, all of New York City, for respondent.

BONDY, District Judge.

For about two weeks preceding July 21, 1932, during which the ferryboat Bronx, owned and operated by the respondent, was undergoing repairs, its machinery was covered with grease to protect its moving parts from dirt. When, on the morning of that day, orders were received to place her in service, two or three men were ordered to wipe off the grease. The engine was clean, but other running parts may not have been entirely clean, when she was placed in her slip at St. George, Staten Island.

At about 4 o'clock in the afternoon the libelant entered the engine room and proceeded to oil and wipe parts of the machinery. The engine was in motion when he reached there, and was kept turning over. When the chief engineer came into the room, he told libelant to "Get the engine room cleaned up a bit." At about 4:30 p. m. libelant stood with a piece of cotton waste wiping grease and dirt that had accumulated upon the eccentrics of the engine, when the middle finger of his right hand was caught between the fork end bearing and the rocker arm connecting rod moving up and down, with the result that about one-half inch of the finger had to be amputated. He underwent treatment for several weeks, but he did not lose any time except on the day of the accident. He earned $2,100 a year after as well as before the accident. He suffered pain for weeks, and still suffers pain when the weather is damp.

He had been in the employ of the respondent three years as marine stoker, one year as marine engineer and over two years as marine oiler, and had worked on and off the ferryboat Bronx seven years.

The chief engineer's orders were general and not specific and were given just as at other times, and the libelant knew just what to do. He had done the same for two years before under the same kind of instructions. He had cleaned around the place where his finger was caught while the engine was in motion on previous occasions. At the time of the accident he had been working at this place about three or four minutes.

There is evidence that this part of the machinery could be cleaned only when the engine was in motion and that it was always cleaned while in motion when the boat was in service.

The risk attached to the work which libelant did when he was injured was an ordinary risk incident to his employment and was assumed by him. Panama R. Co. v. Johnson (C.C.A.) 289 F. 964, 978, affirmed 264 U.S. 375, 44 S.Ct. 391, 68 L. Ed. 748.

Moreover, in view of the libelant's experience the order to clean up did not constitute negligence. There is no proof that the engineer saw what the libelant was doing at the time he was injured. Nor is there any evidence of any negligence on the part of the respondent.

It is contended that it was not the duty of the libelant to prepare the boat for service and that therefore he was doing something unusual at the direction of his superior. However, his task in getting the boat ready for service was merely the performance of his ordinary duty of "cleaning up." It has not been shown that any damage was increased or any greater or different risk incurred by reason of any accumulation of grease or dirt on the engine. See Crockett v. Brandt (C.C.A.) 271 F. 415.

The libel accordingly must be dismissed.